IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE PLUMHOFF, | ) ) ) 1:20-cv-02624 |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SAFE HIRING SOLUTIONS LLC, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the plaintiff JANE PLUMHOFF, by and through her attorneys, SMITHMARCO, P.C. and in her complaint against the Defendant, SAFE HIRING SOLUTIONS, LLC, states as follows:

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## PARTIES

3. Plaintiff Jane Plumhoff is an adult individual residing in Noblesville, IN.

4. Defendant Safe Hiring Solutions LLC ("SHS") is a consumer reporting agency which provides background and employment screening services. SHS regularly conducts business in the Southern District of Indiana and has a principal place of business located at 64 East Marion Street, Danville, Indiana 46122.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. In or around September 2019, Plaintiff applied for employment with Garage Doors of Indianapolis ("GDI").

8. Plaintiff interviewed for the position and was provisionally hired by GDI, contingent upon a background check.

9. GDI requested from the Defendant, and the Defendant sold to GDI a consumer report concerning the Plaintiff, on or around October 1, 2019.

10. The consumer report furnished by Defendant was for employment purposes.

11. The consumer report furnished by Defendant was inaccurate. Specifically, the inaccurate information includes, but is not limited to, a felony conviction which was previously expunged.

12. The inaccurate information negatively reflects upon the Plaintiff and misidentifies Plaintiff as a felon. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that failed to have up to date information contained in it.

13. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to

various persons and prospective employers, both known and unknown.

14. The inaccurate information includes, but is not limited to, records of a felony criminal conviction.

15. The inaccurate information grossly disparages the Plaintiff and portrays her as a convicted felon. There is perhaps no greater error that a consumer reporting agency can make.

16. The derogatory inaccuracy appears to be caused by a failure to update its public records data. Any rudimentary inspection of the data would reveal the inaccuracy. Defendant obviously failed to employ such a procedure.

17. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would have never falsely reported the felony conviction on Plaintiff's consumer report.

18. Plaintiff was subsequently denied employment by GDI and was informed by GDI that the decision in denying her employment was the inaccurate criminal information that appears on Plaintiff's SHS consumer report and that the inaccurate information was the sole factor in the denial.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of form of lost employment opportunities, lost wages, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
## VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**JANE PLUMHOFF**

By:   s/ David M. Marco
          Attorney for Plaintiff

Dated: October 8, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:         dmarco@smithmarco.com